**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| TIMOTHY SHAW, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>VIRCUREX, ANDREAS ECKERT AKA KUMALA, and JANE OR JOHN DOE,<br><br>　　　　　　　　　Defendants. | C.A. No. 1:18-cv-00067-MEH |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO EFFECT ALTERNATIVE ELECTRONIC SERVICE ON DEFENDANTS OUTSIDE OF THE UNITED STATES**

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF FACTS ..................................................................................................................1

ARGUMENT .....................................................................................................................................5

    I.      STANDARDS OF LAW ............................................................................................5

    II.     ALTERNATIVE SERVICE IS APPROPRIATE UNDER THE
CIRCUMSTANCES ..................................................................................................6

          A.     This Court Should Permit Service by Email...............................................8

          B.     Service of Process via Email is Reasonably Calculated to Provide
Defendants with Notice of this Action........................................................10

CONCLUSION..................................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blumedia Inc. v. Sordid Ones*,
   No. 10-cv-01158 (MSK-KLM), 2011 U.S. Dist. LEXIS 2176 (D. Colo. Jan. 6, 2011) ..................................................................................................................... 8, 9

*CGC Holding Co., LLC v. Hutchens*,
   No. 11-cv-01012 (WYD-KLM), 2011 WL 2559807 (D. Colo. June 28, 2011) ....................... 6, 7, 8

*Collins v. Doe*,
   No. H-10-2882, 2012 U.S. Dist. LEXIS 56492 (S.D. Tex. Apr. 23, 2010) ..................................... 9

*FTC, et al., v. EMP Media, Inc., et al.*,
   No. 2:18-cv-00035 (APG-NJK), 2018 WL 664796 (D. Nev. Feb. 1, 2018) ................................... 9

*Liberty Media Holdings, LLC v. Sheng Gan*,
   No. 11-cv-02754 (MSK-KMT), 2012 WL 122862 (D. Colo. Jan. 17, 2012) ................................. 9

*Malone v. Highway Star Logistics, Inc.*,
   No. 08-cv-01534 (RPM-KLM), 2009 WL 2139857 (D. Colo. July 13, 2009) .............................. 8

*Pimentel v. Denman Inv. Corp.*,
   No. 05-cv-00702 (MSK-MEH), 2006 U.S. Dist. LEXIS 89517 (D. Colo. Dec. 8, 2006) ........................................................................................................................ 6

*Prediction Co. LLC v. Rajgarhia*,
   No. 09-cv-07459 (SAS), 2010 WL 1050307 (S.D.N.Y. Mar. 22, 2010) ....................................... 7

*Rio Properties, Inc. v. Rio Int'l Interlink*,
   284 F.3d 1007 (9th Cir. 2002) ........................................................................................... 6, 9, 10

*RSM Prod. Corp. v. Fridman*,
   No. 06-cv-11512 (DLC), 2007 WL 1515068 (S.D.N.Y. May 24, 2007) ....................................... 8

*Williams-Sonoma Inc. v. Friendfinder, Inc.*,
   No. 06-cv-06572 (JSW), 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) ....................................... 9

**Statutes**

The Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters, art. I, Nov. 15, 1965, 20 U.S.T. 361 ............................................. 7

**Rules**

Fed. R. Civ. P. 4(f)(1) ................................................................................................................. 6

Fed. R. Civ. P. 4(f)(3) ........................................................................................................ 6, 8, 9

Fed. R. Civ. P. 4(h)(2) ................................................................................................................ 6

Plaintiff, by and through his counsel, respectfully submits this memorandum of law in support of his Motion for Leave to Effect Alternative Electronic Service on Defendants Outside of the United States (the "Motion"). As detailed herein, Plaintiff has made persistent, diligent and varied efforts to effectuate service of process upon Defendants, and has been unable to accomplish such under the traditional procedures prescribed under Rule 4(f) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 4(f). Accordingly, Plaintiff respectfully requests that the Court permit service on the Defendants by email for the reasons set forth below and in the manner described in the [Proposed] Order submitted herewith.

## STATEMENT OF FACTS

On January 10, 2018, Plaintiff, who has brought the above-captioned action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other accountholders on the Exchange with Frozen Funds, filed his complaint alleging breach of contract, conversion, constructive fraud and unjust enrichment claims against Defendants. Dkt. No. 1 (the "Complaint" or "Compl.").

In attempting to effect service of process on the Defendants, Plaintiff has been unable to identify any specific address which Plaintiff could use to effectuate service, as the Defendants have, in large part, successfully obfuscated their true identities as well as their locations, including the jurisdiction in which Vircurex is incorporated (if it even is incorporated) or operating within. Compl. ¶ 50-51.

As detailed in the Declaration of John A. Carriel in Support of Plaintiff's Motion for Leave to Effect Alternative Electronic Service on Defendants Outside of the United States ("Carriel Decl."), Plaintiff has made reasonable efforts to obtain the necessary information so as to effect service on the Defendants. Specifically, Plaintiff's counsel has spent an extensive amount of time

and resources in attempting to ascertain the Defendants' street addresses and geological location by reviewing a significant amount of documents and information known to Plaintiff, including: (1) reviewing all relevant materials in Plaintiff's possession; (2) reviewing countless posts on Internet forums, many of which required translating to English; (3) conducting hours of boolean searches, in English, German, and Mandarin, on multiple online search engines, including Google, Bing and Duckduckgo, to obtain any and all publicly available information relating to Vircurex, its founders as well as all other companies such persons have been associated with; (4) combing through years of archived and cached Internet forums and webpages; (5) using online tools to locate general geolocation data from Defendants' domain names, I.P. addresses, usernames, and email addresses; (6) analyzing metadata from all documents known to have been created or released by Defendants; (7) analyzing computer code known to have been created by Defendants; and (8) reviewing "quarterly reports" released by Defendants regarding the financial status of Vircurex, published articles, and information available on Vircurex's website.  Carriel Decl. ¶ 3.

*Location of Defendant Vircurex*

While Plaintiff has been unable to uncover more exact information about Defendants' physical location, the foregoing investigative efforts has yielded the following information regarding the location of Vircurex and its owners' identities.

With respect to where Vircurex is incorporated, Plaintiff has been able to discern three possible jurisdictions in light of Defendants' representations: (1) Belize, (2) China; and (3) Germany.  *See* Compl. ¶¶ 12 –13.

Defendants officially launched the Exchange in October 2011. Compl. ¶ 25.  Vircurex was not incorporated at this time, and there are indications it may have never been incorporated.  *Id.*  For example, on September 25, 2012, Kumala (Eckert) responded to a question on the Bitcointalk

forums regarding the corporate status of Vircurex and Cryptostocks.com with, "[n]either of them is incorporated at this point in time, its [sic] of rather low priority at the moment . . .." *Id*. ¶ 26. Similarly, when Defendants were purportedly taking Vircurex "public," in February 2013, they announced that while the business was not incorporated, they had plans to incorporate. *Id*. ¶ 27.

Vircurex's current website claims that it is incorporated in Belize, however, no discernable records evidencing this purported incorporation could be found through Plaintiff's extensive investigation. *See* Carriel Decl. ¶ 3; Compl. ¶ 12. Other than the current listed terms on Vircurex's website (the "Terms"), in which the Defendants state that accountholders "consented" to personal jurisdiction in Belize for any action brought against Vircurex, there is no indication that Vircurex is incorporated in any jurisdiction, or has any operations in Belize. *See Id*. ¶¶ 12, 46. The Defendants also included the Terms *after* Plaintiff's funds were frozen, as they were designed to limit Defendants' liability and create further hurdles for any accountholder who might want to pursue legal action against the Defendants. *Id*. ¶¶ 41, 51.

Further, before Vircurex's "public offering," Defendants released five "quarterly reports" covering the periods of March 2013 through June 2014. *Id*. ¶¶ 28, 55. However, none of the five reports mentioned Vircurex being incorporated, let alone in Belize. *Id.* Instead, each report was signed "The Vircurex Management [Date], Beijing." *Id.* ¶ 28. In this regard, "Kumala" (Defendant Eckert) explicitly stated in a post on October 27, 2011 that Defendants were "rethinking" their location of incorporation, and mentioned "Hong Kong," "China" and "other offshore locations" to be among the potential jurisdictions. *Id*. ¶ 13. Although Defendants have claimed to operate out of China, an extensive investigation has yielded no physical address of such operation. Carriel Decl. ¶ 3–4.

Defendants' plan to represent that Vircurex is incorporated in Belize appears traceable to an Internet forum post made by Kumala (Eckert) on October 31, 2011, in which Eckert explicitly stated, *inter alia*, that suing "an offshore company in Belize, let alone find[ing] out who the owner is, [would be] almost impossible . . .." Compl. ¶ 52.  However, as mentioned, Defendants explicitly stated in September 2012 and February 2013 that Vircurex had not been incorporated, and none of the "quarterly reports" prior to Vircurex's "public offering" Defendants issued ever addressed the topic. *Id*. ¶ 55.

There are indications that Vircurex was at least partially owned and operated out of Germany. *See e.g.* Compl. ¶ 12–13. For example, an article written by an author on www.bitcoinx.com describes Vircurex as a "German-owned cryptocurrency exchange." *Id*. Moreover, on October 27, 2011, Kumala explicitly stated that Vircurex is a "German owned family business," and that the Defendants intended to "incorporate in Germany." *Id*.

### *Identities and Locations of the Individual Defendants*

Based on Plaintiff's counsel's investigation, Defendant Eckert is one of the two founders of Vircurex, and uses the online alias "Kumala." Carriel Decl. ¶ 3; Compl. ¶ 13.  Eckert has gone to great lengths to obscure the fact that he is indeed "Kumala," but substantial evidence reveals that he is in fact "Kumala." *See* Compl. ¶ 13.  For example, on January 26, 2009, Eckert posted a question on the Google forums using the name and email address "Kumala <AEck . . .@googlemail.com>", and his follow up response thanking the person who answered the question was from "Andreas Eckert <aeck…@googlemail.com>." *Id*.  Similarly, on February 13, 2009, Eckert posted another question on the Google forums using the name "Kumala" and signed, "Regards, Andreas." *Id*.  Moreover, on August 21, 2012, a different exchange operated by Defendants, crypostocks.com, released a plugin named the "Redmine 4 Cryptostocks," and its

author was listed as "A Eckert." *Id*. Further, Vircurex's "Q1 Report – May 2013" contains metadata stating that the author of the document was "Andreas Eckert." *Id*.

There are also indications that Eckert is of German origin. *See* Compl. ¶ 13. For example, a significant amount of online posts made by Eckert are in German, including a post made by him on bitcoin.org on October 31, 2011, in which he criticized "rogue" parties who pursue offshore incorporation in order to essentially "rip-off" businesses (the "October 31, 2011 Post"). *Id*. ¶¶ 13, 53–54. Moreover, during a conversation with a reviewer regarding the services provided by Defendant's online digital currency exchange hosted on www.vircurex.com (the "Exchange"), of which the transcript indicated that Vircurex's representative represented himself as "Andreas," "Andreas" stated, "Vircurex is a team of two, I take care of the software development, the English and German (almost done) translation. My partner is doing the Chinese translation . . .." *Id*. ¶ 13. As relates to Defendant Doe, he or she is believed to be a Chinese citizen or resident. *See* Compl. ¶ 14. There is little information regarding the identity of Doe, but as indicated above, Eckert described Doe as his partner who is "doing the Chinese translation . . . and future support requests requiring Chinese language skills, as well as the China banking integration (Alipay, bank transfers, etc.)." *Id*.

Despite Plaintiff's efforts, Defendants' whereabouts, as well as the exact jurisdiction in which Defendant Vircurex is incorporated or located, are completely unknown to Plaintiff. *See* Carriel Decl. ¶ 3–4,

## ARGUMENT

### I. STANDARDS OF LAW

Pursuant to Rule 4(h)(2), service of process may be effectuated on a corporation not within any judicial district of the United States, "in any manner prescribed by Rule 4(f) for serving an

individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).  Rule 4(f)(3) permits service of process may be effectuated by "other means not prohibited by international agreement, as the court orders."  Fed. R. Civ. P. 4(f)(3); *see also Pimentel v. Denman Inv. Corp.*, No. 05-cv-00702 (MSK-MEH), 2006 U.S. Dist. LEXIS 89517, at *2 (D. Colo. Dec. 8, 2006) ("Rule 4(f)(3) . . . provides that service upon individuals in a foreign country may be effected 'by means not prohibited by international agreement.'").  "'Service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text.'"  *Id.* (quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)); *see also CGC Holding Co., LLC v. Hutchens*, No. 11-cv-01012 (WYD-KLM), 2011 WL 2559807, at *1 (D. Colo. June 28, 2011) ("Fed. R. Civ. P. 4(f)(3) provides that such service may be effected by any 'means not prohibited by international agreement, as the court orders.') (quoting *Rio Properties, Inc.*, 284 F.3d at 1015).

In order to meet the constitutional requirement of due process, any method of service crafted by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

## II.     ALTERNATIVE SERVICE IS APPROPRIATE UNDER THE CIRCUMSTANCES

Plaintiff seeks permission from the Court to serve the Defendants by alternate means—specifically, by email to customerservice@vircurex.com, which is located on Vircurex's website — because service by traditional means has proved impracticable.

Here, the United States and Germany, Belize, and China, countries in which Defendants have represented Vircurex may be incorporated, are each party to the Hague Service Convention referenced in Rule 4(f)(1). Fed. R. Civ. P. 4(f)(1).  However, the Hague Service Convention only

applies in cases where the address of a defendant to be served is known. *See* The Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters ("Hague Service Convention"), art. I, Nov. 15, 1965, 20 U.S.T. 361 ("This Convention shall not apply where the address of the person to be served with the document is not known"); *see also CGC Holding Co.*, LLC, 2011 WL 2559807 at *2 (discussing the Hague Service Convention's inapplicability where defendants' addresses are unknown); *Prediction Co. LLC v. Rajgarhia*, No. 09-cv-07459 (SAS), 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010) ("[I]t is worth observing the inapplicability of the Hague Convention . . . because [defendant's] address is not known to [plaintiff].").

Further, as detailed in the Carriel Decl. ¶ 3, and herein, Plaintiff made persistent, diligent and varied efforts to identify the addresses by which the Individual Defendants reside and by which the Defendant is incorporated. However, due to the Defendants' successful efforts in obscuring their identities and whereabouts, including the jurisdiction in which Vircurex has been incorporated—assuming it ever was—Plaintiff has been unable to ascertain their addresses in order to effectuate process on them. Because the addresses of the Defendants are completely unknown, the Hague Service Convention does not apply. *Id.*; Art. I, Nov. 15, 1965. 20 U.S.T. 361; *see also CGC Holding Co.*, LLC, 2011 WL 2559807 at *2. Additionally, Plaintiff is unaware of any other international agreement which would prohibit service via email.

With respect to constitutional due process requirements, here, the entirety of Defendants' Vircurex business is run online, and Plaintiff has no indication that emails to Vircurex will be undeliverable. Indeed, the Vircurex.com website is the only known method to contact Defendants that is still operational. Moreover, Vircurex.com is still operational, for example, as the Exchange

executed a trade as recently as February 17, 2018. *See* https://vircurex.com ("Recently executed orders").

### A. This Court Should Permit Service by Email

Since Plaintiff's requested method of service (email) is not prohibited by any international agreement, whether to permit Plaintiff's method of service is a "matter of discretion" for the Court. *CGC Holding Co., LLC*, 2011 WL 2559807 at *2 ("When a requested alternative method of service is not prohibited by international agreement, whether to permit the method is a matter of discretion for the Court.") (citing *Malone v. Highway Star Logistics, Inc.*, No. 08-cv-01534 (RPM-KLM), 2009 WL 2139857 at *2 (D. Colo. July 13, 2009)) (internal quotation marks omitted); *see also RSM Prod. Corp. v. Fridman*, No. 06-cv-11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007) ("The decision of whether to allow alternative methods of serving process . . . is committed to the sound discretion of the district court.") (citation and internal quotation marks omitted). However, "[p]rior to granting a motion to allow alternate service under Rule 4(f)(3), the court may require that plaintiff show that he made reasonable efforts to serve the defendant and that the court's intervention will avoid further unduly burdensome or futile efforts at service." *CGC Holding Co., LLC*, 2011 WL 2559807 at *1; *see also Blumedia Inc. v. Sordid Ones*, No. 10-cv-01158 (MSK-KLM), 2011 U.S. Dist. LEXIS 2176, at *10 (D. Colo. Jan. 6, 2011) (same).

As noted *supra*, Plaintiff made persistent, diligent and varied efforts to identify the addresses by which the Individual Defendants reside and by Defendant Vircurex is incorporated or located. *See also* Carriel Decl. ¶ 3. Despite these reasonable efforts, the Defendants' addresses are still completely unknown to Plaintiff, and without this Court's intervention, Plaintiff's efforts will continue to be unduly burdensome and futile.

"[T]rial courts have authorized a wide variety of alternative methods of service including . . . email." *Rio Properties, Inc.*, 284 F.3d at 1018 (citations omitted); *see also id*. at 1018 ("[W]hen faced with an international e-business [], playing hide-and-seek with the federal court, email may be the only means of effecting service of process."); *Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-cv-02754 (MSK-KMT), 2012 WL 122862, at *2-3 (D. Colo. Jan. 17, 2012) (stating that service via email is an authorized means of effectuating service pursuant to Rule 4(f)(3), so long as "plaintiff shows that he made reasonable efforts serve the defendant and that the court's further intervention will avoid further unduly burdensome or futile efforts at service.") (citing *Bluemedia Inc.*, 2011 WL 42296 at *4); *FTC, et al., v. EMP Media, Inc., et al.*, No. 2:18-cv-00035 (APG-NJK), 2018 WL 664796, at *1 (D. Nev. Feb. 1, 2018) ("Service by email is proper when the defendant is unreachable by other means or does not have a known physical address.") (citing *Rio Properties., Inc.*, 294 F.3d at 1017); *see also Collins v. Doe*, No. H-10-2882, 2012 U.S. Dist. LEXIS 56492, at *4 (S.D. Tex. Apr. 23, 2010) (granting motion for substituted service to be effected "on the successful completion of [an] e-mail transmission" to "provmodel74@gmail.com."); *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. 06-cv-06572 (JSW), 2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) (granting alternate service by email where defendants could not be located or refused service, and where email proved to be the most effective means for communication).

Additionally, "[t]he Court cannot determine whether service of process on defendants by email is permissible or appropriate without either (1) knowing where the defendants are located or (2) having an unequivocal representation from the plaintiff that the defendants' whereabouts are completely unknown." *Blumedia Inc.*, 2011 WL 42296 at *2. Here, because Defendants'

whereabouts are completely unknown after diligent investigation, service by email is appropriate. Carriel Decl. ¶ 3.

### B. Service of Process via Email is Reasonably Calculated to Provide Defendants with Notice of this Action

Where a defendant has "structured its business such that it could be contacted *only* via its email address," "[i]f any method of communication [is] reasonably calculated to provide [the defendant] with notice, surely it [is] email . . .." *See Rios Properties, Inc.*, 284 F.3d at 1017–18 (emphasis in original). Here, Vircurex "had neither an office nor a door;" it had only a website, www.vircurex.com, through which Defendants conducted their business—an online Exchange where accountholders could deposit USD and EUR to buy, sell, and exchange digital currencies. *See id.*; Compl. ¶¶ 2, 29. On Vircurex's website, Defendants provided only a single email address, customerservice@vircurex.com, under "Contact us" through which its customers, including Plaintiff, were able to communicate with Defendants. *See* https://vircurex.com. Specifically, the Defendants provided the following language under "Contact us:"

> We have taken the utmost care to provide you with a stable, performant and secure environment. Nevertheless, as part of our continuous improvement program, we are looking forward to your feedback on how we can further enhance our web page. Contact us:
>
> eMail [sic] customerservice@vircurex.com

*Id*.

Because email is the sole method of communication that Defendants utilize (and, thus, clearly prefer), email is reasonably calculated to apprise Defendants of this action. *See Rios Properties, Inc.*, 284 F.3d at 1018. Accordingly, Plaintiff respectfully requests leave to serve Defendants via email to the following email address: customerservice@vircurex.com.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court authorize service of process upon Defendants by email.

Dated: February 20, 2018

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

/s/ *Donald J. Enright*
Donald J. Enright
E-mail: denright@zlk.com
John A. Carriel
E-mail: jcarriel@zlk.com
1101 30th Street, N.W., Suite 115
Washington, DC 20007
Telephone: (202) 524-4290
Facsimile: (202) 333-2121

*Attorneys for Plaintiff Timothy Shaw*