IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00067-MEH

TIMOTHY SHAW,

    Plaintiff,

v.

VIRCUREX,
ANDREAS ECKERT, and
JOHN/JANE DOE

    Defendants.

## ORDER PERMITTING SUBSTITUTED SERVICE

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff seeks to serve Defendants through their customer service email address pursuant to Fed. R. Civ. P. 4(e). Filed in conjunction with the motion is a Declaration of John A. Carriel, which details the efforts Plaintiff's counsel has made to ascertain Defendants' addresses. Because the Court finds that service by email is reasonably calculated to apprise Defendants of the pendency of the action, the Court grants Plaintiff's motion.

**I.    Background**

    Plaintiff initiated this action on January 10, 2018 on behalf of himself and all others similar situated, alleging generally that Defendants unlawfully froze his online trading account, which has disabled his ability to withdraw Bitcoin, Litecoin, Terracoin, and Feathercoin. Compl. ¶ 1, ECF No. 1. Despite various efforts to obtain Defendant Vircurex's country of origin and the individual Defendants' addresses, Plaintiff has been unable to identify Defendants' locations. Specifically, Plaintiff has reviewed numerous posts on internet forums, conducted hours of boolean searches in multiple languages on various internet search engines, searched through internet forums and

webpages, used online tools to locate geolocation data from Defendants' domain names and I.P. addresses, analyzed metadata from all documents known to have been created by Defendants, examined computer code known to have been created by Defendants, and reviewed quarterly reports released by Defendants. Memorandum of Law in Supp. of Mot. for Alternate Service 5–6, ECF No. 7; Decl. of John A. Carriel ¶ 3, ECF No. 7-1. Through his search efforts, Plaintiff has come to believe that Vircurex is based in Belize, China, or Germany. Memorandum of Law in Supp. of Mot. for Alternate Service 5. However, the search did not reveal whether Vircurex is incorporated or where Defendants maintain their physical address. *Id.* at 5–6.

In light the apparent impossibility of personally serving Defendants, Plaintiff filed the present motion seeking leave from the Court to effect substitute service at customerservice@vircurex.com—the sole contact information listed on Vircurex's website. Pl.'s Memorandum of Law in Supp. of Mot. for Substituted Service 5.

## II.     Discussion

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Colorado law expresses a preference for personal service, *see* Colo. R. Civ. P. 4(e), but allows for substitute service under Rule 4(f) as follows:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be

2

> to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f).

Based on Plaintiff's motion and the accompanying affidavit, the Court finds that substitute service is warranted in this case. As an initial matter, although Plaintiff believes Defendants are located in one of three foreign countries, service pursuant to the Hague Convention does not apply "where the address of the person to be served with the document is unknown." *Blumedia, Inc. v. Sordid Ones BV*, No. 10-cv-01158-MSK-KLM, 2011 WL 42296, at *3 (D. Colo. Jan. 6, 2011) (quoting Service Abroad of Judicial and Extrajudicial Documents, February 10, 1969, 20 U.S.T. 361). Plaintiff has diligently attempted to locate Defendants' physical location through numerous methods. Memorandum of Law in Supp. of Mot. for Alternate Service 5–6, ECF No. 7; Decl. of John A. Carriel ¶ 3, ECF No. 7-1. Despite theses extensive efforts, Plaintiff has been unable to locate an address for Defendants. Therefore, Plaintiff need not attempt service pursuant to the Hague Convention.

Although using a customer service email address is certainly not the preferred method to effect service of process, the present circumstances indicate that service by email is the only known method to notify Defendants of this case. *See, e.g.*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("[W]hen faced with an international e-business . . . email may be the only means of effecting service of process."). This is especially true in cases like the present, when

the plaintiff has been unable to locate any individuals with whom the defendants are associated. Furthermore, the Court finds that service at Defendant Vircurex's email address is reasonably calculated to apprise Defendants of the pendency of the action, because Plaintiff's investigation revealed that "Vircurex is a team of two." Memorandum of Law in Supp. of Mot. for Substituted Service 8. Accordingly, service by email is substantially more likely to notify one of Vircurex's owners or managers than it would be in a larger company.

Plaintiff notes that Defendant Andreas Eckert has responded to questions on google forums using the email address "Aeck . . . @googlemail.com." Memorandum of Law in Supp. of Mot. for Substituted Service 7. Although it appears that some of this email address may be redacted, the Court finds it appropriate to also attempt service of process at this address.

Therefore, in accordance with Colo. R. Civ. P. 4(f), the Court is satisfied that Plaintiff has used due diligence to ascertain the physical location of Defendants and that further attempts to locate Defendants physical address would be to no avail.

### III.    Conclusion

In sum, the Court finds that (1) Plaintiff has employed due diligence in attempting to effect personal service on Defendants, (2) further attempts at personal service would not be fruitful, (3) substitute service at customerservice@vircurex.com and Aeck . . . @googlemail.com is appropriate under the circumstances, and (4) such service is reasonably calculated to provide actual notice to Defendants. Accordingly, the Court **grants** Plaintiff's Motion for Leave to Effect Alternative Electronic Service on Defendants Outside the United States [filed February 20, 2018; ECF No. 6]. Plaintiff is authorized to serve Defendants at Aeck . . . @googlemail.com and customerservice@vircurex.com.

Entered and dated at Denver, Colorado, this 21st day of February, 2018.

                BY THE COURT:

                *Michael E. Hegarty*

                Michael E. Hegarty
                United States Magistrate Judge