# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

TIMOTHY SHAW, individually and on behalf of all others similarly situated,

                    Plaintiff,

v.

VIRCUREX, ANDREAS ECKERT AKA KUMALA, and JANE OR JOHN DOE,

                    Defendants.

C.A. No. 1:18-cv-00067-MEH

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR CLASS CERTIFICATION, APPOINTMENT AS CLASS <u>REPRESENTATIVE, AND APPOINTMENT OF CLASS COUNSEL</u>**

# **TABLE OF CONTENTS**

**Page**

PROCEDURAL HISTORY ...........................................................................................................2

STATEMENT OF RELEVANT FACTS .....................................................................................3

ARGUMENT ................................................................................................................................6

    I.      STANDARDS OF LAW ...............................................................................................6

    II.     THE PROPOSED CLASS SATISFIES RULE 23(A) ..........................................7

         A.      Numerosity ..........................................................................................................7

         B.      Commonality ........................................................................................................8

         C.      Typicality .............................................................................................................9

         D.      Adequacy ...........................................................................................................10

    III.    CLASS CERTIFICATION IS PROPER UNDER RULE 23(B)............................11

         A.      The Class Should be Certified Pursuant to Rule 23(b)(1)(A) ....................11

         B.      The Class Should be Certified Pursuant to Rule 23(b)(3) .........................13

              1.      Predominance ........................................................................................13

              2.      Superiority .............................................................................................14

    IV.    PROPOSED CLASS COUNSEL SATISFIES THE REQUIREMENTS OF RULE 23(G) ...........................................................................................................................16

CONCLUSION ...........................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Adamson v. Bowen*,
    855 F.2d 668 (10th Cir. 1988) ....................................................................................10

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997).............................................................................................13, 15

*Ashley v. Reg'l Transp. Dist.*,
    2008 U.S. Dist. LEXIS 12950 (D. Colo. Feb. 11, 2008) ..............................................12

*A-W Land Co., LLC v. Anadarko E&P Co. LP*,
    2013 U.S. Dist. LEXIS 88215 (D. Colo. June 13, 2013).............................................12

*Beltran v. InterExchange, Inc.*,
    2018 U.S. Dist. LEXIS 23940 (D. Colo. Feb. 2, 2018) ..............................13, 14, 15, 16

*Carpenter v. Boeing Co.*,
    456 F.3d 1183 (10th Cir. 2006) ...................................................................................11

*Colo. Cross-Disability Coalition v. Abercrombie & Fitch Co.*,
    765 F.3d 1205 (10th Cir. 2014) .............................................................................7, 8, 10

*Daigle v. Shell Oil Co.*,
    133 F.R.D. 600 (D. Colo. 1990) ...................................................................................7

*DG ex rel. Stricklin v. Devaughn*,
    594 F.3d 1188 (10th Cir. 2010) .................................................................................9, 10

*GCG Holding Co., LLC v. Broad & Cassel*,
    773 F.3d 1076 (10th Cir. 2014) ..................................................................6, 12, 13, 15

*Lyall v. City of Denver*,
    319 F.R.D. 558 (D. Colo. 2016) .................................................................................11

*Martinez v. Rial De Minas, Inc.*,
    2017 U.S. Dist. LEXIS 157558 (D. Colo. Sept. 26, 2017) ....................................13, 14

*Menocal v. GEO Grp., Inc.*,
    320 F.R.D. 258 (D. Colo. 2017) .................................................................................15

*Menocal v. GEO Grp., Inc.*,
    882 F.3d 905 (10th Cir. 2018) ...........................................................................6, 8, 9, 13

*Milonas v. Williams*,
    691 F.2d 931 (10th Cir. 1982) .....................................................................................10

*Neiberger v. Hawkins*,
    208 F.R.D. 301 (D. Colo. 2002) .................................................................................11

*Penderson v. La. State Univ.*,
    213 F.3d 858 (5th Cir. 2000) ........................................................................................8

*Pliego v. Los Arcos Mexican Rests., Inc.*,
   313 F.R.D. 117 (Feb. 8, 2016) ......................................................................15

*Rex v. Owens ex rel. Okla.*,
   585 F.2d 432 (10th Cir. 1978) .....................................................................7, 8

*Rhodes v. Nat'l Collection Sys.*,
   317 F.R.D. 579 (D. Colo. 2016) ...................................................................14

*Rhodes v. Olson Assocs., P.C.*,
   83 F. Supp. 3d 1096 (D. Colo. 2015)...........................................................15

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
   314 F.3d 1180 (10th Cir. 2002) ...................................................................11

*Soseeah v. Sentry Ins.*,
   808 F.3d 800 (10th Cir. 2015) .......................................................................6

*Torres-Vallejo v. Creativexteriors, Inc.*,
   220 F. Supp. 3d 1074 (D. Colo. 2016).........................................................13

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)....................................................................................8, 9

*Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*,
   354 F.3d 1246 (10th Cir. 2004) ...................................................................12

## **<u>Rules</u>**

Fed. R. Civ. P. 23...................................................................................................2, 6

Fed. R. Civ. P. 23(a) ..................................................................................................6

Fed. R. Civ. P. 23(a)(1)...........................................................................................7, 8

Fed. R. Civ. P. 23(a)(2)...........................................................................................8, 9

Fed. R. Civ. P. 23(a)(3)...........................................................................................9, 10

Fed. R. Civ. P. 23(a)(4).........................................................................................10, 11

Fed. R. Civ. P. 23(b) ..................................................................................................6

Fed. R. Civ. P. 23(b)(1).........................................................................................11, 12

Fed. R. Civ. P. 23(b)(3).................................................................................11, 13, 14, 15

Fed. R. Civ. P. 23(g) ............................................................................................11, 16

Plaintiff Timothy Shaw ("Plaintiff"), by and through his counsel, respectfully submits this memorandum of law in support of his Motion for Class Certification, Appointment as Class Representative, and Appointment of Class Counsel (the "Motion").  As detailed herein, class certification and the appointment of Plaintiff as class representative is proper under Federal Rule of Civil Procedure 23(a) because: (i) the Class (defined below) is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact which are common to the Class; (iii) Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class; and (iv) Plaintiff will fairly and adequately protect the interests of the Class and has retained competent counsel experienced in litigation of this nature.

Furthermore, class certification is proper under Federal Rule of Civil Procedure 23(b) because: (a) the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the Class' individual members, which could establish incompatible standards of conduct for Defendants; (b) the common questions of law and fact applicable to the Class predominate over individualized questions; and (c) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Accordingly, Plaintiff respectfully requests an order:

1.      Certifying Plaintiff's claims against Vircurex, Andres Eckert a/k/a "Kumala", and Jane or John Doe (collectively "Defendants") to be litigated as a class action on behalf of the following class (the "Class"):

> all persons or entities that have had their Bitcoin ("BTC") or Litecoin ("LTC") funds frozen or otherwise misappropriated by the Vircurex online cryptocurrency exchange since March 24, 2014.  Excluded from the Class are Defendants in this litigation, the present and former officers and directors of Vircurex and any subsidiary thereof, members of Eckert's and Doe's immediate families and their legal representatives, heirs, successors or assigns and any entity in which any of the Defendants has or had a controlling interest

2.      Appointing Timothy Shaw as Class Representative;

3.      Appointing Levi & Korsinsky, LLP as Class Counsel; and

4.      Granting such other and further relief the Court may deem just and proper.

## PROCEDURAL HISTORY

On January 10, 2018, Plaintiff, who has brought the above-captioned action (the "Action") as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and the Class, filed his complaint alleging breach of contract, conversion, constructive fraud and unjust enrichment claims against Defendants.  ECF No. 1 (the "Complaint" or "Compl.").

Following commencement of the Action, Plaintiff made persistent, diligent and varied efforts to obtain the necessary information so as to effect service on the Defendants.  Despite such efforts, Plaintiff had been unable to identify any specific address which Plaintiff could use to effectuate service, as the Defendants have, in large part, successfully obfuscated their true identities as well as their locations, including the jurisdiction in which Vircurex is incorporated (if it even is incorporated) or operating within.  Accordingly, on February 20, 2018, Plaintiff filed his Motion for Leave to Effect Alternative Electronic Service on Defendants Outside of the United States.  ECF No. 6 ("Motion for Alternative Service"); Memorandum of Law in Supp. of Mot. for Alternative Service, ECF No. 7; Decl. of John A. Carriel, ECF No. 7-1.

On February 21, 2018, this Court granted Plaintiff's Motion for Alternative Service.  Order Permitting Substituted Service, ECF No. 9.  On February 22, 2018, Plaintiff's counsel served Defendants pursuant to the methods prescribed in the Order Permitting Substituted Service.  *See* Affidavit of John A. Carriel, ECF No. 10.

On March 19, 2018, this Court held a Status Conference with Plaintiff's counsel to discuss the status of service on Defendants.  During the Status Conference, this Court noted that service

2

on Defendants was accomplished on February 22, 2018 and ordered the Clerk of the Court to enter a default against Andreas Eckert, Vircurex and Jane/John Doe.  Courtroom Minutes/Minute Order Status Conference, ECF No. 12.  Shortly thereafter, the Clerk of the Court submitted an entry of default as to Jane/John Doe, Andreas Eckert, and Vircurex.  ECF No. 13.

Concurrently with this Motion, Plaintiff is also filing, pursuant to Federal Rule of Civil Procedure 55(b) and Local Rule 55.1, his motion for default judgement against Defendants.

## STATEMENT OF RELEVANT FACTS

Defendants Eckert and Doe launched an online digital currency exchange hosted on www.vircurex.com (the "Exchange") in October 2011. Compl. ¶2.  Accountholders on the Exchange could deposit USD and EUR to buy, sell, and exchange digital currencies. *Id*.  Vircurex was not incorporated at this time, and there are indications it may have never been incorporated. *Id*. ¶25.

### *The Frozen Funds*

On March 24, 2014, Defendants announced that due to two hacks the Exchange experienced in mid-2013, the Exchange was nearing insolvency and had to freeze accounts (the "2014 Announcement") holding BTC, LTC, Terracoin ("TRC"), and Feathercoin ("FTC") (collectively, the "Frozen Funds").  Compl. ¶30.

On May 5, 2014, June 8, 2014, July 15, 2014, August 20, 2014, and January 3, 2016, Defendants provided updates on the repayments that had been made to the accounts with frozen funds.  *Id*. ¶32.  As of the January 3, 2016 update (the "January 2016 Update"), according to Defendants, the following number of accounts continued to have the following funds frozen:

- 328 accounts had 1,666 BTC frozen;

- 0 account had 0 FTC frozen;

- 2,162 accounts had 124,763 LTC frozen; and

- 39 accounts had 78,782 TRC frozen.

Following the January 2016 Update, Defendants did not provide an additional update regarding the status of the Frozen Funds for two years—until fifteen days after this Action was filed.[1]  On January 25, 2018, Defendants announced that all TRC had been returned to accounts with Frozen Funds.  *Id.*  Similarly, on February 13, 2018, Defendants announced that 1.25 BTC and 37 LTC had been returned to accounts with Frozen Funds.  *Id.*  Accordingly, as of the date of this filing, Plaintiff believes the Frozen Funds that are still being withheld from the Class are as follows:

- 1,664.75 BTC; and

- 124,726 LTC.

While this Action appears to have prompted Defendants to return some additional funds to the Class, such repayments pale in comparison to the significant financial interests members of the Class are still denied access to—after four years.  For example, Defendants latest disbursement— after two years of silence—of 1.25 BTC represents a repayment of just .00075% of the BTC funds frozen as of the January 2016 Update.   Likewise, Defendants latest disbursement of 37 LTC represents a repayment of just .00029% of the total LTC funds frozen as of the January 2016 Update.

### Discouraging Legal Action

Defendants took calculated, effective, steps that were clearly designed to dissuade Plaintiff and the Class from pursuing a potential legal action to recover their Frozen Funds.  Compl. ¶39.

---

[1]     *See* Exhibit 1 attached to the Declaration of Donald J. Enright in Support of the Motion ("Enright Decl.").

For example, In addition to slowly repaying minor amounts of the Frozen Funds, Defendants added terms and conditions to the Vircurex website (the "Terms") **after** they froze Plaintiff's and the Class' funds. *Id.* ¶41. The Terms were clearly designed to limit Defendants' liability and create hurdles for any accountholders that might consider pursuing legal action against Defendants. *Id.* ¶¶43–48. For example, the Terms included: (i) a broad indemnity clause; (ii) a transparent liability waiver with respect to Plaintiff's and the Class' Frozen Funds; (iii) and stated that accountholders "consented" to personal jurisdiction in Belize. *Id.* Defendants clearly chose to insert the Terms because they knew that they would not be returning the Frozen Funds and hoped to convince Plaintiff and the Class that it would be nearly impossible to take legal action against Defendants. *Id.* ¶¶49–56.

Unfortunately, Defendants' efforts were largely successful in dissuading Plaintiff and the Class from pursuing legal action. *Id.* For example, in September 2017, the topic of potential legal action against Vircurex was raised on a forum on reddit.com. *Id.* ¶48. A user responded to a post by an accountholder considering legal action by stating:

> Not sure about the current situation. But I'm sure you agreed to the TOS when you signed up on Vircurex. Here it is:
>
> https://vircurex.com/welcome/terms?locale=en
>
> Limited liability of user funds
>
> *Vircurex takes no liabilities on users funds stored with Vircurex.*
>
> Vircurex is incorporated in Belize so you may have to take a vacation there to file in court.
>
> *These Terms and Conditions are governed by the laws of Belize, without respect to its conflict of law principles.*

*Id.*

In short, Defendants knew they would not be returning the Frozen Funds and hoped to convince Plaintiff and the Class that it would be nearly impossible to take legal action against Defendants, or find out who was responsible for Defendant Vircurex's unlawful activities. *Id.* ¶56.

## ARGUMENT

### I. STANDARDS OF LAW

Class Certification under Rule 23 is appropriate if the "the underlying case (1) satisfies each of Rule 23(a)'s prerequisites, and (2) falls under at least one of Rule 23(b)'s categories of class actions." *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 913 (10th Cir. 2018) (citing *Soseeah v. Sentry Ins.*, 808 F.3d 800, 808 (10th Cir. 2015)). "Rule 23(a) sets forth four threshold requirements:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

*Menocal*, 882 F.3d at 913–914 (quoting Fed. R. Civ. P. 23(a)).

"If the class meets the four criteria under Rule 23(a), then the court must consider whether the class satisfies at least one of the three alternative class-types under Rule 23(b)." *GCG Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1086 (10th Cir. 2014). As detailed herein, each of the foregoing Rule 23(a) requirements are plainly met in this Action. Furthermore, the proposed Class satisfies the requirements of both Rule 23(b)(1) and Rule 23(b)(3). Hence, for the reasons stated in the Motion and below, the Motion should be granted.

## II.     THE PROPOSED CLASS SATISFIES RULE 23(A)

### A.     Numerosity

Rule 23(a)(1) requires that a proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). To satisfy the numerosity requirement, a Plaintiff "must offer 'some evidence of established, ascertainable numbers constituting the class,' but there is 'no set formula to determine if the class is so numerous that it should be so certified.'" *Colo. Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1215 (10th Cir. 2014) (quoting *Rex v. Owens ex rel. Okla.*, 585 F.2d 432, 436 (10th Cir. 1978)). Further, establishing numerosity is not solely a question of numbers, rather, the focus should be on whether "joinder would be impractical." *Daigle v. Shell Oil Co.*, 133 F.R.D. 600, 603 (D. Colo. 1990). "In determining whether joinder is impractical, the court must consider the size of the proposed class, the class' geographic dispersion and whether the members' names are easily ascertainable." *Id.* (citations omitted).

Here, Plaintiff has identified the precise amount of Frozen Funds currently under the control of Defendants: 1,664.75 BTC and 124,726 LTC. *See supra*, pg. 4. Furthermore, Plaintiff has identified an accurate approximation of the number of accounts on the Exchange that currently have Frozen Funds. *Id.* More specifically, as of January 3, 2016, 328 accounts had 1,666 BTC frozen on the Exchange and 2,162 accounts had 124,763 LTC frozen on the Exchange. Compl. ¶32. As noted *supra*, shortly after this Action was initiated, Defendants released an additional 1.25 BTC and 37 LTC to accountholders with Frozen Funds. Accordingly, the number of accounts currently with frozen BTC and LTC is subject to some deviation from the number of accounts with Frozen Funds as of January 3, 2016. However, given the negligible amount of these recent

repayments, it is highly unlikely that the number of accounts with frozen BTC and LTC funds has changed significantly from January 2016.

Based on the foregoing, there are approximately 2,000 Class members with Frozen Funds. Accordingly, Plaintiff has submitted evidence of "ascertainable numbers" indicating the size of the Class. *See Rex*, 585 F.2d at 436 (collecting cases in which class actions "have been deemed viable in instances where as few as 17 to 20 persons are identified as the class" but noting that even large classes could be practically joined and thus, the size of the class in itself does not presumptively satisfy numerosity).

Moreover, here, the Class members' names are not easily ascertainable. This is especially so in light of the fact that Defendants have failed to appear in the Action and thus, Plaintiff is currently unable to obtain the Exchange's records. This fact further lends toward establishing the numerosity requirement. *See, e.g.*, *Colo. Cross-Disability Coalition*, 765 F.3d at 1215 ("'Joinder of unknown individuals is certainly impracticable,' and 'the fact that the class includes unknown, unnamed future members also weighs in favor of certification.'") (quoting *Penderson v. La. State Univ.*, 213 F.3d 858, 868, n. 11 (5th Cir. 2000)). Therefore, Plaintiff has satisfied the numerosity requirement of Rule 23(a)(1).

### B.       Commonality

Rule 23(a)(2) requires that the proposed class have "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy the commonality requirement, the proposed "class members' claims must 'depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Menocal*, 882 F.3d at 914 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

Here, there are various questions of law and fact which are common to the Class and which predominate over questions affecting each individual Class member. The common questions include, *inter alia*, the following: (i) whether Defendants breached their contracts with Class members; (ii) whether Defendants unlawfully converted the Class' financial holdings by withholding the Frozen Funds, (iii) whether Defendants engaged in fraudulent activity in connection with withholding the Frozen Funds; (iv) whether Defendants have been unjustly enriched by withholding the Frozen Funds; (v) whether Plaintiff and the other Class members will suffer irreparable harm if such unlawful activities are not remedied; and (vi) whether the Class is entitled to compensatory, exemplary, punitive, injunctive, and/or specific performance relief as a result of Defendants' wrongful conduct alleged in the Complaint, and if so, the measure of such damages.

Given that there are multiple questions of law and fact common to the Class, the commonality requirement of Rule 23(a)(2) has been plainly satisfied. *See, e.g.*, *Menocal*, 882 F.3d at 914 ("'A finding of commonality requires only a single question of law or fact common to the entire class.'") (quoting *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1195 (10th Cir. 2010), and *Wal-Mart*, 564 U.S. at 359 ("'We quite agree that for purposes for Rule 23(a)(2) even a single common question will do'")).

### C.    Typicality

Rule 23(a)(3) requires that a plaintiff seeking class certification demonstrate that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). As relates to this requirement, "'[d]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory.'" *Colo. Cross-*

*Disability Coalition*, 765 F.3d at 1216 (quoting *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988)); *see also DG ex rel. Stricklin*, 594 at 1198 ("Provided the claims of Named Plaintiffs and class members are based on the same legal or remedial theory, differing fact situations of the class members do not defeat typicality") (citation omitted).

Here, Plaintiff plainly meets the typicality requirements of Rule 23(a)(3) because: (i) he suffered the same injuries as the absent Class members; (ii) he suffered as a result of the same course of wrongful conduct by Defendants; and (iii) his claims are based on the same legal issues. Stated otherwise, typicality is met because Plaintiff's claims are identical to, and neither compete nor conflict with, the claims of the other Class members.  More specifically, Plaintiff, like the other members of the Class, had his funds unlawfully frozen by Defendants on March 24, 2014 and has since been deprived of his funds.  Compl. ¶¶11, 30.  Thus, Plaintiff's claims are typical, if not identical, to those of the other members of the Class because Plaintiff suffered losses similar to those of the other Class members and his losses result from the Defendants' common course of wrongful conduct.  *See, e.g.*, *DG ex rel. Stricklin*, 594 at 1199 ("typicality exists where, as here, all class members are at risk of being subjected to the same harmful practices, regardless of any class member's individual circumstances.") (citing *Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982)).  Accordingly, Plaintiff has satisfies the typicality requirement of Rule 23(a)(3).

### D.     Adequacy

Rule 23(a)(4) requires Plaintiff to show that he "will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy requirement is meant to resolve two questions: "'(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'"  *Carpenter v. Boeing Co.*, 456 F.3d 1183, 1204 (10th Cir.

2006) (quoting *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002)).[2] "Criteria for assessing adequacy of representation include whether the plaintiff has common interests with the class members and whether the representative will vigorously prosecute the interests of the class through qualified counsel." *Neiberger v. Hawkins*, 208 F.R.D. 301, 316 (D. Colo. 2002) (citation omitted).

Here, Plaintiff has no conflicts of interest with any other Class member, and, like the absent Class members, has been harmed by Defendants unlawfully withholding his funds on the Exchange. Accordingly, Plaintiff has demonstrated that he has common interests with the absent Class members and thus satisfies the requirements of Rule 23(a)(4). *See Neiberger*, 208 F.R.D. at 316 ("Absent evidence to the contrary, a presumption of adequate representation is invoked.") (citation omitted). Moreover, Plaintiff has diligently pursued this matter, and has engaged highly qualified counsel to prosecute these claims. In this manner, Plaintiff has clearly demonstrated his adequacy to represent the Class. *See* Docket; *see also* Section IV, *infra*.

## III.    CLASS CERTIFICATION IS PROPER UNDER RULE 23(B)

The Class satisfies the requirements to qualify as a class action under both Rule 23(b)(1) and Rule 23(b)(3).

### A.    The Class Should be Certified Pursuant to Rule 23(b)(1)(A)

Rule 23(b)(1)(A) states that certification is proper if "[p]rosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications

---

[2]    However, Rule 23(g) "deals specifically with the adequacy of counsel" and thus courts in this District have addressed Plaintiff's adequacy under Rule 23(a)(4) and counsel's adequacy under Rule 23(g). *See, e.g.*, *Lyall v. City of Denver*, 319 F.R.D. 558, 564 (D. Colo. 2016). Accordingly, the adequacy of Plaintiff's selection of proposed Class Counsel will be discussed *infra* in connection with Rule 23(g).

with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class[.]"  Fed. R. Civ. P. 23(b)(1).

"Rule 23(b)(1) addresses situations where 'incompatible standards of conduct for the party opposing the class' would arise without class treatment."  *GCG Holding*, 773 F.3d at 1086.  *See also Ashley v. Reg'l Transp. Dist.*, 2008 U.S. Dist. LEXIS 12950, at *15–6 (D. Colo. Feb. 11, 2008) ("Rule 23(b)(1)(A) permits class certification if separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for the party opposing the class") (citing *Weinman v. Fid. Capital Appreciation Fund (In re Integra Realty Res., Inc.)*, 354 F.3d 1246, 1264 (10th Cir. 2004)).

As noted *supra*, Section II.B, there are various questions of law and fact which are common to the Class.  If such questions were adjudicated on individual bases, they would likely lead to inconsistent and/or varying adjudications.  *See, e.g., A-W Land Co., LLC v. Anadarko E&P Co. LP*, 2013 U.S. Dist. LEXIS 88215, at *6–7 (D. Colo. June 13, 2013) (finding Rule 23(b)(1)(A) satisfied where various common questions of law had "the potential, if answered individually, to provide 'inconsistent or varying adjudications . . . that would establish incompatible standards of conduct for (the Defendants)'") (quoting Fed. R. Civ. P. 23(b)(1)(A)).  Accordingly, here, certification of the Class is proper under Rule 23(b)(1)(A).  *See, e.g., Ashley*, 2008 U.S. Dist. LEXIS 12950 at *16 ("Fed. R. Civ. P. 23(b)(1)(A) is satisfied in the present case because if separate actions were brought by individual class members, there would be a high risk of incompatible standards of conduct for [Defendant]").

**B.** **The Class Should be Certified Pursuant to Rule 23(b)(3)**

"Rule 23(b)(3) is available where 'questions of law or fact common to the class members predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *GCG Holding*, 773 F.3d at 1086 (quoting Fed. R. Civ. P. 23(b)(3)). "A Rule 23(b)(3) class action must satisfy two additional requirements: (1) the 'questions of law or fact common to the class members [must] predominate over questions affecting only individual members' (the 'predominance' requirement), and (2) a class action must be 'superior to other available methods for fairly and efficiently adjudicating the controversy' (the 'superiority' requirement)." *Menocal*, 882 F.3d at 914 (quoting Fed. R. Civ. P. 23(b)(3)).

1. **Predominance**

"'The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Menocal*, 882 F.3d at 914 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). "'Rule 23(b)(3) simply requires a showing that the questions common to the class predominate over individualized questions.'" *Martinez v. Rial De Minas, Inc.*, 2017 U.S. Dist. LEXIS 157558, at *13 (D. Colo. Sept. 26, 2017) (quoting *Torres-Vallejo v. Creativexteriors, Inc.*, 220 F. Supp. 3d 1074, 1084 (D. Colo. 2016)). "If 'one or more of the central issues in the action' are common to the class and can be said to predominate, the class may be certified under Rule 23(b)(3) 'even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'" *Beltran v. InterExchange, Inc.*, 2018 U.S. Dist. LEXIS 23940, at *25 (D. Colo. Feb. 2, 2018) (quoting *Tyson Foods, Inc. v. Bouphakeo*, 136 S. Ct. 1036, 1046 (2016)).

As noted *supra*, Section II.B, there are various common questions of law and fact which are common to the Class, each of which predominate over questions affecting any individual Class member.  The Action alleges four theories of liability against Defendants: (1) Breach of Contract; (2) Conversion; (3) Constructive Fraud; and (4) Unjust Enrichment.  Compl. ¶¶58–80.  The central issues of each of these claims relate to a determination as to whether Defendants' unlawfully withheld the Class' BTC and LTC funds when they froze the Class' accounts on March 24, 2014, and if so, whether Defendants are presently liable to Plaintiff and the Class for such unlawful conduct.  These core issues are applicable to all Class members and predominate over any potential questions that may affect any of the individual Class members.  *See, e.g.*, *Rhodes v. Nat'l Collection Sys.*, 317 F.R.D. 579, 585 (D. Colo. 2016) ("Predominance focuses on the question of liability" and "if the liability issue is common to the class, common questions are held to predominate over individual questions.") (internal quotation marks and citation omitted).  Accordingly, the predominance requirement is plainly satisfied.  *See, e.g.*, *Martinez*, 2017 U.S. Dist. 157558 at *13 ("Thus, the same alleged course of conduct by Defendants is at the heart of all putative class members' claims, predominating over any potential individual differences") (citation omitted).

### 2.    Superiority

"The second requirement for certification under Rule 23(b)(3) is that a 'class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Beltran*, 2018 U.S. Dist. 23940, at *41 (quoting Fed. R. Civ. P. 23(b)(3)).  Rule 23 provides four factors relevant to this inquiry:

> (1) the class members' interests in individually controlling the prosecution or defense of separate actions;

(2) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(4) the likely difficulties in managing the class action.

*Id.*

"Class treatment is superior in this jurisdiction if 'it will achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing fairness or bringing about other undesirable results.'" *Beltran*, 2018 U.S. Dist. 23940 at *42 (quoting *GCG Holding Co., LLC*, 773 F.3d at 1089).

A class action is the superior method of adjudicating the Action because "the absent Class Members to date have shown no interest in controlling the litigation of separate actions and because no other litigation regarding this controversy has been commenced." *Pliego v. Los Arcos Mexican Rests., Inc.*, 313 F.R.D. 117, 127 (Feb. 8, 2016).

Moreover, given the fact that Defendants have attempted to obfuscate their identities and evade this Court's jurisdiction, the costs associated with locating Defendants and enforcing a potential judgment would likely be prohibitively costly and thus, "the potential recovery for an individual plaintiff is unlikely to provide sufficient incentive for individual members to bring their own claims." *Rhodes v. Olson Assocs., P.C.*, 83 F. Supp. 3d 1096, 1115 (D. Colo. 2015). Accordingly, here, a class action is the most efficient method to vindicate the Class' rights. *See Menocal v. GEO Grp., Inc.*, 320 F.R.D. 258, 268 (D. Colo. 2017) ("In including Rule 23(b)(3), 'the Advisory Committee had dominantly in mind vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'") (quoting *Amchem Prods., Inc.*, 521 U.S. at 617)),

IV.    **PROPOSED CLASS COUNSEL SATISFIES THE REQUIREMENTS OF RULE 23(G)**

"Under Rule 23(g), the court must appoint class counsel when a class is certified." *Nat'l Collection Sys.*, 317 F.R.D. at 586 (citing Fed. R. Civ. P. 23(g)).  "Rule 23(g) requires courts to consider the following in appointing class counsel:

(i)    the work counsel has done in identifying or investigating potential claims in the action;

(ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii)    counsel's knowledge of the applicable law; and

(iv)    the resources that counsel will commit to representing the class.

*Beltran*, 2018 U.S. Dist. LEXIS 23940 at *44 (quoting Fed. R. Civ. P. 23(g)).

Plaintiff has selected and retained Levi & Korsinsky, LLP ("Levi & Korsinsky") as the proposed Class Counsel.  The attorneys with Levi & Korsinsky have extensive experience in successfully prosecuting complex financial class actions such as this Action, and are well-qualified to represent the Class.  Levi & Korsinsky has been appointed sole or co-lead counsel in numerous class actions nationwide.  *See* Enright Decl., Ex. 2 (firm resume of Levi & Korsinsky). Furthermore, Levi & Korsinsky's attorneys have dedicated significant resources to investigating and substantiating the Class' claims and to uncover the identities and locations of Defendants. Accordingly, Levi & Korsinsky satisfies the requirements of Rule 23(g) and should therefore be appointed Class Counsel.  *See Beltran*, 2018 U.S. Dist. LEXIS 23940 at *45 (appointing class counsel where counsel had "already put in a great deal of work into [the] action, [had] extensive experience in handling complex class action suits, [were] knowledgeable about relevant law, and [had] ample resources to vigorously advocate for Plaintiffs").

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court issue an order (1) certifying the Class; (2) appointing Plaintiff as Class Representative; (3) appointing Levi & Korsinsky, LLP as Class Counsel; and (4) granting such other and further relief the Court may deem just and proper.

Dated: July 18, 2018                                      Respectfully submitted,

                                                         **LEVI & KORSINSKY, LLP**

                                                         /s/ *Donald J. Enright*
                                                         Donald J. Enright
                                                         E-mail: denright@zlk.com
                                                         John A. Carriel
                                                         E-mail: jcarriel@zlk.com
                                                         1101 30th Street, N.W., Suite 115
                                                         Washington, DC 20007
                                                         Telephone: (202) 524-4290
                                                         Fax: (202) 333-2121

                                                         *Attorneys for Plaintiff Timothy Shaw*