IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

TIMOTHY SHAW, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

VIRCUREX, ANDREAS ECKERT AKA KUMALA, and JANE OR JOHN DOE,

        Defendants.

C.A. No. 1:18-cv-00067-MEH

**AFFIDAVIT OF DONALD J. ENRIGHT, ESQUIRE IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT**

I, Donald J. Enright, swear under penalty of perjury as follows:

1. My name is Donald J. Enright. I am over twenty-one years of age and am fully competent to make the statemetns contained herein.

2. I am a partner in the law firm of Levi & Korsinsky, LLP ("LK"), counsel for Plaintiff Timothy Shaw ("Plaintiff") in the above-captioned action. I am submitting this affidavit in support of Plaintiff's Motion for Default Judgment (the "Motion").

3. This affidavit is based on my own personal knowledge and/or the firm's records of the matters stated herein. Additionally, I have firsthand knowledge as to my firm's lodestar (time spent by each attorney and/or paralegal multiplied by his/her hourly rate) and expenses incurred in this litigation. If called upon, I could and would competently testify to the matters herein.

*Entry of Default is Warranted*

1

4. On February 22, 2018, Defendants Vircurex, Andreas Eckert a/k/a "Kumala", and Jane or John Doe (collectively "Defendants") were served with copies of the complaint in the instant action, ECF No. 1; the Order Permitting Substituted Service, ECF No. 9; the Summonses for Vircurex, Andreas Eckert a/k/a "Kumala," and Jane or John Doe, ECF No. 8; and the Consent/Non-Consent to the Exercise of Jurisdiction by a United States Magistrate Judge in District Assignment Cases form, ECF No. 8, pursuant to the methods outlined in this Court's Order Permitting Substituted Service, ECF No. 9.

5. An answer to the complaint was due March 15, 2018.

6. Defendants have failed to appear, plead or otherwise defend within the time allowed and are therefore, now in default.

7. A Clerk's Entry of Default was issued against Defendants on March 19, 2018.

8. To the best of my knowledge, information and belief, Defendants are not subject to the Service Members Civil Relief Act.

9. To the best of my knowledge, information and believe, Defendants are not infants or incompetent persons.

10. Plaintiff requests that the Clerk of Court enter a default judgment against Defendants as follows:

    a. Specific performance and relief of 1,664.75 Bitcoin and 124,726 LTC;

    b. Pre-judgment Interest at the legal rate of eight (8) percent counpounded annually from the date in which Defendants unlawfully and unjustly deprived Plaintiff and the proposed class of their rights to access their funds, March 24, 2014, until judgment is entered;

c. Post-judgment Interest at the legal rate of eight (8) percent compounded annually from the date in which judgment is entered until the full amount of the judgment has been paid to Plaintiff and the proposed class; and

d. $93,036.75 in attorneys' fees, $400.00 in expenses, and a reservation to seek additional fees in the amount of up to $1 million, as well as renumeration for any out-of-pocket expenses incurred in the prosecution of this action and in enforcing any judgment.

*The Requested Attorneys' Fees are Reasonable*

11. My firm expended a total of 196.95 hours in this litigation for a lodestar of $93,036.75.

12. Futher, should this Court grant the Motion, substantial additional work remains to be performed by my firm to locate Defendants and enforce any potential default judgment. For example, we expect to seek discovery from multiple companies which likely have information on Defendant Eckert and Doe's identities and locations – including providers of email/chat services, webhosting platforms, and internet services – and to expend scores of additional attorney hours analyzing such discovery, tracing funds and potentially enforcing the judgment in a foreign jurisdiction.

13. I have reviewed the time records in this case since the firm's investigation began in December 2017 to ensure that there is no unnecessary or duplicative time reflected therein. I believe that the time reflected in the firm's lodestar calculation and the costs for which payment is sought are reasonable in amount and were necessary for the effective and efficient prosecution of the litigation.

3

14. The time that LK has spent on this litigation has been completely contingent on the outcome and thus, at risk of never receiving any compensation. LK has not been paid for any of its time spent on this litigation, nor has it been reimbursed for any of its out-of-pocket costs incurred in this litigation.

15. As a consequence of LK's contingent-fee model, the firm does not get paid in every case. There are some cases where the firm gets nothing or is awarded fees equal to only a small percentage of the total lodestar incurred. LK thus bore the risk of litigating this case on a contingent basis and advancing the costs of litigation. Furthermore, as noted, we anticipate that significantly more time and expenses will be incurred, should this Court grant the Motion, in attempting to locate Defendants and enforce a default judgment.

16. The following chart details the time and hourly rate of the attorneys and litigation assistants whose work contributed to the firm's aggregate lodestar:

| Professional | Total Hours | Hourly Rate | Lodestar |
| --- | --- | --- | --- |
| Donald J. Enright (Partner) | 17.75 | $925.00 | $16,418.75 |
| Elizabeth K. Tripodi (Partner) | 2.50 | $765.00 | $1,912.50 |
| John A. Carriel (Associate) | 140.25 | $425.00 | $59,606.25 |
| Zare Khorozian (Associate) | 34.00 | $425.00 | $14,450.00 |
| Zac Gazzard (Paralegal) | 1.5 | $265.00 | $397.50 |
| Emily Bigelow (Paralegal) | 0.70 | $265.00 | $185.50 |
| Joanna Chlebus (Paralegal) | 0.25 | $265.00 | $66.25 |
| Total | 196.95 | | $93,036.75 |

17. The hourly rates of attorneys who performed work on this matter range from $425 to $925. In addition to the foregoing, LK has incurred $400.00 in expenses from filing fees associated with initiating this litigation.

18. I believe the firm's billing rates are reasonable in light of the rates charged by other firms with similar experience and expertise in the area of complex and class action litigation within this District and around the country.

Dated: July 18, 2018

_____
DONALD J. ENRIGHT, ESQ



District of Columbia: SS

Subscribed and sworn to before me, in my presence this 18th day of July

_____
Jordan Lily Newmark, Notary Public, D.C
My commission expires March 14, 2023